UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

GREGORY HAYES, )
)
       Plaintiff, )
)
    v. ) No. 2:17-cv-00160-WTL-DLP
)
BERRY Sergeant, )
CHAIFIN Captain, )
)
       Defendants. )

**Order Granting Defendants' Motion for Summary Judgment and
Directing Entry of Final Judgment**

Plaintiff Gregory Hayes brought this civil rights actions pursuant to 42 U.S.C. § 1983 based on an alleged attack he suffered at the hands of another inmate and the alleged loss and destruction of his property while he was incarcerated at Putnamville Correctional Facility ("Putnamville"). His claims against Officers Laloux and Bolt regarding the loss and destruction of his property were severed into a separate civil action. *See* Dkt. No. 8. What remain in this action are Mr. Hayes's Eighth Amendment failure to protect claims against Sergeant Berry and Captain Chalfin. Presently pending before the Court is defendants' motion for summary judgment. For the reasons explained below, the motion for summary judgment, Dkt. No. 27, is **granted**.

### I.     Summary Judgment Legal Standard

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material

issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Mr. Hayes failed to respond to the defendants' motion for summary judgment, and the deadline for doing so has long passed. The consequence is that Mr. Hayes has conceded the defendants' version of the events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). Because Mr. Hayes failed to respond to the defendants' motion, and thus failed to comply with the Court's Local Rules regarding summary judgment, the Court will not consider allegations in Mr. Hayes's complaint in ruling on this motion. Although *pro se* filings are construed liberally, *pro se* litigants such as Mr. Hayes are not exempt from procedural rules. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (noting that "pro se litigants are not excused from compliance with procedural rules"); *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply

to uncounseled litigants and must be enforced"). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Factual Background

The following statement of facts was evaluated pursuant to the standard set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Mr. Hayes as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

At all times relevant to this action, Mr. Hayes was an inmate at Putnamville. On the morning of January 2, 2017, Mr. Hayes and another inmate, Bayon, got into a fight. Defendants have provided a surveillance video recording that captured the events surrounding the fight. *See* Dkt. No. 33 (manual filing of a CD). Thus, the events that occurred and actions taken immediately before, during, and immediately after the fight are not in dispute because the Court can base its decision on the video evidence provided. *See Scott v. Harris*, 550 U.S. 372, 379-81 (2007) ("[the court] should have viewed the facts in the light depicted by the videotape") Specifically, the video shows that:

- Immediately prior to the fight, Mr. Hayes was seated at the foot of a bunk. Dkt. No. 33 at 00:32.
- Bayon was returning to the bunks and as he walked in front of Mr. Hayes, Mr. Hayes gets up and, unprovoked, begins to attack Bayon. *Id.* at 00:36. Mr. Hayes's opening salvo was to hit Bayon with a closed fist to the left side of Bayon's face. *Id.*
- Mr. Hayes and Bayon fight and wrestle for approximately twenty seconds.

3

- Sergeant Berry and another correctional officer can be seen approaching and running over about ten seconds after the fight begins. *Id.* at 00:48.
- Shortly after arriving, Sergeant Berry successfully breaks up the fight between Mr. Hayes and Bayon. *Id.* at 00:58.

Mr. Hayes ultimately received a conduct report for assault/battery upon another person without a weapon or inflicting serious injury. Dkt. No. 27-6, Dkt. No. 27-7.

Sergeant Berry and Captain Chalfin are correctional officers at Putnamville. They testify that they are aware of the general procedures and preventative measures taken in the event of a credible threat to inmate safety. They further testify that if they had been aware of any significant risk to the health or safety of Mr. Hayes, they would have taken preventative measures, such as moving either Mr. Hayes or Bayon to another dorm. Sergeant Berry further testifies that she was not made aware of any risk of injury if Mr. Hayes and Bayon were not separated. Captain Chalfin testifies that, prior to the January 2, 2017 incident, he was not made aware of any serious risk to Mr. Hayes's safety or health, but if he had, he would have recommended preventative measures be put in effect to avoid the risk.

Sergeant Berry was on duty on January 2, 2017, but did not see how the altercation between Mr. Hayes and Bayon began, but heard the commotion surrounding it. When she arrived at the scene, Mr. Hayes and Bayon were still wrestling in between the two bunks. Sergeant Berry attempted to break up the fight by yelling out verbal commands and spraying pepper spray in their faces.

Captain Chalfin was not on duty on the morning of January 2, 2017, and therefore had no involvement in Mr. Hayes's and Bayon's fight. His only knowledge of or involvement in the alleged incident was through the review of Conduct Reports and Mr. Hayes's Offender Grievances.

### III. Discussion

Defendants move for summary judgment on Mr. Hayes's failure to protect claim. They argue that Mr. Hayes has failed to allege that either defendant was made aware of or disregarded any excessive risk to his health or safety. They further argue that even if Mr. Hayes was able to show the requisite knowledge of any risk, the undisputed evidence shows that their alleged inaction was not the proximate cause of Mr. Hayes's harm as he was the cause of his own harm by starting the fight. Mr. Hayes did not respond to defendants' motion for summary judgment, and the time to do so has passed.

Not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Seventh Circuit has repeatedly held that deliberate indifference is not a strict liability standard requiring jail officials to ensure the safety of their inmates. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003).

Prison officials have a duty to protect those in their custody from violence at the hand of other inmates. But liability of a prison official for failure to protect an inmate only materializes if the official "'knows of and disregards an excessive risk to inmate health or safety.'" *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (quoting *Farmer*, 511 U.S. at 837 (1994)). Thus, a claim that a prison official was deliberately indifferent to such a risk has both an objective and a subjective component. First, the harm to which the prisoner was exposed must be an objectively serious one. *See Gevas*, 798 F.3d 475 (being stabbed by cellmate constitutes serious harm); *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005) ("a beating suffered at the hands of a follow detainee ... clearly constitutes serious harm").

The subjective prong of the deliberate indifference claim "requires that the official must have actual, and not merely constructive, knowledge of the risk in order to be held liable; specifically, he 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.'" *Gevas*, 798 F.3d at 481 (quoting *Farmer*, 511 U.S. at 837). In addition to knowing that the inmate faced a substantial risk of serious harm, an official will only be liable when he disregards that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 847; s*ee also Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006).

Both Captain Chalfin and Sergeant Berry have asserted that, prior to the January 2, 2017, altercation, they were not aware of any serious risk to Mr. Hayes's safety or health if he and Bayon were not separated. Both assert that if they had been aware, they would have taken reasonable measures to prevent injury to Mr. Hayes, such as moving either Mr. Hayes or Bayon to another dorm.

Mr. Hayes has not responded or disagreed with defendants' assertions. He has therefore failed to satisfy the subjective prong of the deliberate indifference claim, and failed to show that defendants failed to protect him in violation of the Eighth Amendment. Accordingly, because there is no material issue for trial, summary judgment is warranted in defendants' favor.

### IV. Conclusion

It has been explained that "summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial." *Crawford-El v. Britton*, 118 S. Ct. 1584, 1598 (1998). This is a vital role in the management of court dockets, in the delivery of justice to individual litigants, and in meeting society's expectations that a system of justice operate effectively. Indeed, "it is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal

6

of a trial when the outcome is foreordained," and in such cases, summary judgment is appropriate. *Mason v. Continental Illinois Nat'l Bank*, 704 F.2d 361, 367 (7th Cir. 1983).

Mr. Hayes has not identified a genuine issue of material fact as to his claims in this case and the defendants are entitled to judgment as a matter of law. Therefore, defendants' motion for summary judgment, Dkt. No. 27, is **granted.**

The clerk is **directed to update the docket** to reflect the correct spelling of defendant Captain Chalfin's name.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 7/3/18

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

GREGORY HAYES
911536
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Ryan J. Guillory
OFFICE OF ATTORNEY GENERAL CURTIS HILL
ryan.guillory@atg.in.gov

Ryan Joseph Sterling
INDIANA ATTORNEY GENERAL
ryan.sterling@atg.in.gov